### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| ANTHONY S. SCHIAVO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Case No.: |
| | ) |
| LEB Solutions LLC d/b/a | ) |
| ARTISTIC FLOWERS, | ) |
| | ) |
| Defendant. | ) |

## **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Anthony S. Schiavo (hereinafter "Plaintiff" or "Schiavo") and files his Complaint against Defendant Artistic Flowers (hereinafter "Defendant" or "Artistic Flowers") and in support states the following:

## **NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq*. (hereinafter "FCRA").

2. This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his disability leading to his unlawful termination.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

6. Plaintiff, Schiavo, is a citizen of the United States, and was at all times relevant, a citizen of the State of Florida, residing in Pinellas County, Florida.

7. Defendant, Artistic Flowers, is a Florida Limited Liability Company with its principal place of business in St. Petersburg, Florida.

8. Defendant is a covered employer under the ADA and the FCRA.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On January 16, 2019 Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), against Artistic Flowers, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On February 11, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety days Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

14. Plaintiff worked for Defendant as a Lead Designer.

15. Plaintiff is a disabled male.

16. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

17. Defendant was on notice of Plaintiff's disability.

18. At all times material, Plaintiff was able to perform the essential functions of his job with or without accommodations.

19. In March 2019 Plaintiff required femoral bypass surgery. Plaintiff requested a brief medical leave of absence to have his surgery and recover. Plaintiff provided Defendant medical documents in support.

20. During Plaintiff's leave he was in communication with Defendant about his medical status and return to work.

21. After two weeks of leave, Plaintiff's doctors recommended Plaintiff take off from work an additional two weeks to continue healing. Plaintiff notified Defendant of the same and provided supporting medical documents.

22. That same day, due to his disability and without further engaging in the interactive process with Plaintiff, Defendant terminated his employment.

23. Plaintiff has been damaged by Defendant's illegal conduct.

24. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Based Discrimination in Violation of the ADA

25. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24 above.

26. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

27. Plaintiff was able to perform the essential functions of his job at the time of his termination.

28. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

29. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

30. Plaintiff has been damaged by Defendant's illegal conduct.

Case 8:20-cv-01079-JSM-AEP   Document 1   Filed 05/08/20   Page 5 of 9 PageID 5

31. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

32. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

33. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count II: Failure to Accommodate in Violation of the ADA

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24 above.

35. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

36. Defendant was aware of Plaintiff's disability.

37. Defendant failed to accommodate Plaintiff's disability.

38. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

39. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

40. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

5

### Count III: Retaliation in Violation of the ADA

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24 above.

42. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

43. Defendant's conduct violates the ADA.

44. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

45. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

46. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count IV: Handicap Based Discrimination in Violation of the FCRA

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-24 above.

48. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

49. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

50. Defendant violated the FCRA by terminating and discriminating against Plaintiff based on his handicap.

51. Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

52. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

53. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## Count V: Retaliation in Violation of the FCRA

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-24 above.

55. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

56. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

57. Defendant's conduct violated the FCRA.

58.   Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

59.   Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

60.   Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Florida Bar No. 99040
**SPIELBERGER LAW GROUP**

       4890 W. Kennedy Blvd.
       Suite 950
       Tampa, FL 33609
       Telephone: (800) 965-1570
       Facsimile: (866) 580-7499
       gary.martoccio@spielbergerlawgroup.com

*Attorneys for Plaintiff*